# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DONALD DAVIS,

        Petitioner,        Case Number: 2:19-CV-10691
                                           HON. DENISE PAGE HOOD

v.

MARK MCCULLICK,

        Respondent.
_____/

## OPINION AND ORDER GRANTING PETITIONER'S MOTION TO STAY PROCEEDINGS AND ADMINISTRATIVELY CLOSING CASE

Michigan state prisoner Donald Davis filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. Davis challenges his convictions for first-degree felony murder, armed robbery, and conspiracy to commit armed robbery. Shortly after filing the petition, Davis filed a motion to stay this proceeding to allow him to exhaust three additional claims in state court. The Court grants the motion.

## I. BACKGROUND

Davis was convicted following a jury trial in Oakland County Circuit Court. On November 10, 2015, he was sentenced to life imprisonment for the felony-murder conviction and 23 to 60 years each for the armed robbery and conspiracy to

commit armed robbery convictions.

Davis filed an appeal of right in the Michigan Court of Appeals. He raised these claims: (i) trial court erred in denying motion to suppress his custodial statement; (ii) insufficient evidence supported his convictions for armed robbery and felony murder; (iii) the prosecutor engaged in multiple instances of misconduct; (iv) the jury was biased; and (v) the judge engaged in misconduct. The Michigan Court of Appeal affirmed Davis's convictions. *People v. Davis,* No. 330280, 2007 WL 2491807 (Mich. Ct. App. June 8, 2017). On December 27, 2017, the Michigan Supreme Court denied Davis's application for leave to appeal.

Davis filed this habeas corpus petition on February 27, 2019.

## II. DISCUSSION

Petitioner asks the Court to hold this proceeding in abeyance while he returns to state court to raise previously unexhausted claims challenging his convictions. A federal court may stay a federal habeas corpus proceeding pending resolution of state post-conviction proceedings. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005) ("District courts do ordinarily have authority to issue stays where such a stay would be a proper exercise of discretion.") (citations omitted). In *Rhines*, the Supreme Court held that a federal court may stay a petition for habeas corpus relief and hold further proceedings in abeyance while a petitioner exhausts

2

unexhausted claims if outright dismissal of the petition would jeopardize the timeliness of a future petition, there is good cause for the petitioner's failure to exhaust state court remedies, the unexhausted claims are not "plainly meritless," and "there is no indication that the petitioner engaged in intentionally dilatory tactics." *Id.* at 278.

Petitioner's unexhausted claims are best first addressed and decided by the state courts. The Court anticipates no prejudice to Respondent in staying the petition. Petitioner states that he will raise an ineffective assistance of appellate counsel claim in his state court motion for relief from judgment. Ineffective assistance of appellate counsel is sufficient to allege good cause for failure to exhaust his state court remedies. Nothing in the record suggests that Petitioner engaged in intentionally dilatory tactics and his claims of ineffective assistance of trial and appellate counsel and judicial bias, raise claims of constitutional magnitude which, if substantiated, may entitle him to relief. Finally, at the time he filed the habeas petition, approximately one month remained of the one-year limitations period. Outright dismissal of the petition could jeopardize the timeliness of a future petition. The Court will stay the proceeding and impose time limits within which Petitioner must proceed so that he does not delay in exhausting his state court remedies.

## III. ORDER

Accordingly, Petitioner's Motion to Stay Proceedings (ECF No. 4) is GRANTED and the petition for writ of habeas corpus is STAYED pending completion of Petitioner's state application for post-conviction review. This stay is conditioned upon Petitioner filing his motion for relief from judgment within sixty (60) days of this order and then filing a motion to lift the stay and an amended habeas petition (using the case number already assigned to this case) within sixty (60) days after the conclusion of the state court post-conviction proceedings.

To avoid administrative difficulties, the Clerk of Court shall CLOSE this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter.

**SO ORDERED**.

s/Denise Page Hood
DENISE PAGE HOOD
CHIEF UNITED STATES DISTRICT JUDGE

Dated:   April 30, 2019